**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1933-18T1

CHERISE C. RAYMOND,

    Plaintiff-Appellant,

v.

ANGEL L. FERNANDEZ,

    Defendant-Respondent,

and

CITIZENS UNITED RECIPROCAL
EXCHANGE,[1]

    Defendant.

_____

Submitted November 19, 2019 – Decided December 16, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2430-17.

Lee Law Firm, LLC, attorneys for appellant (Edward H. Lee, on the brief).

_____

[1] Improperly pled as Cure Auto Insurance and Reciprocal Management Corp.

Law Offices of Nancy L. Callegher, attorneys for respondent Angel L. Fernandez (Matthew Ian Cohen, on the brief).

PER CURIAM

Following an automobile accident, plaintiff Cherise C. Raymond filed an action in the Law Division to recover damages for personal injuries and property damage. Defendant Raymond L. Fernandez, the owner and driver of the car that allegedly struck plaintiff's car, moved for summary judgment because plaintiff's insurer, defendant Citizens United Reciprocal Exchange (CURE), retroactively rescinded her automobile insurance policy. CURE took that action because plaintiff made misrepresentations and omissions in her initial application and five subsequent renewal applications. Among other things, plaintiff failed to list her correct address and members of her household on each application. Having previously granted CURE's motion to void the policy ab initio and because N.J.S.A. 39:6A-4.5(a) bars personal injury claims brought by an uninsured vehicle owner, the trial judge granted Fernandez's motion and denied plaintiff's cross-motion for summary judgment.

On appeal, plaintiff maintains she was not "culpably uninsured" under N.J.S.A. 39:6A-4.5(a) because she had paid the policy's premiums and was therefore insured at the time of the accident. Plaintiff does not, however, dispute

that she knowingly listed the incorrect address – a UPS store in Bloomfield – on each insurance application. Nor does she counter CURE's determination that she resided with her boyfriend and his mother in Maplewood at the time of the accident. Indeed, plaintiff has not appealed from the order granting CURE's motion that voided her policy. Instead, plaintiff posits that in deciding CURE's motion, the trial judge specifically determined she had not committed fraud and, as such, she should not be barred from recovery "for an accident that was clearly not her fault simply because CURE found a reason to void her policy." We reject plaintiff's contentions and affirm.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 539-40 (1995). Where, as here, "there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (internal quotation marks and citation omitted). We therefore accord no deference to the motion judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

3

Pursuant to New Jersey's statutory scheme, all motor vehicle owners registered in this State are required to maintain minimum amounts of insurance coverage for bodily injury, death, and property damage caused by their vehicles. See N.J.S.A. 39:6A-3. Under N.J.S.A. 39:6A-4, each policy must contain personal injury protection (PIP) benefits. Further, N.J.S.A. 39:6A-4.5(a) bars the ability to sue if a New Jersey resident is not in compliance with the statutory provisions mandating insurance coverage. That subsection specifically states:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage . . . shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

Notably, N.J.S.A. 39:6A-4.5(a) does not impose a requirement that an uninsured motorist have a culpable state of mind, and does not exempt motorists who have a good faith belief that they have medical expense benefits coverage. As the trial judge correctly observed, our Supreme Court has used the term, culpably uninsured, "to simply identify individuals who were deemed uninsured within the meaning of the statute." See Perrelli v. Pastorelle, 206 N.J. 193, 202 (2011); see also Craig and Pomeroy, New Jersey Auto Insurance Law, § 15:5-2 at 316 (2020) (noting "'culpability' . . . is merely a term of convenience used

4

to denote the failure to maintain insurance but not meant to incorporate a specific mental state for which the statute does not provide").

The subsection has been described as a "blunt tool" that may result in harsh outcomes because "[t]he statute's self-evident purpose" is "to give the maximum incentive to all motorists to comply with this State's compulsory no-fault insurance laws." Aronberg v. Tolbert, 207 N.J. 587, 599, 601 (2011). Harsh consequences, however, do not permit a departure from the express language in the statute because "[i]t is not within [the judiciary's] province to second guess the policymaking decisions of the Legislature when no constitutional principle is at issue." Id. at 602; see also Hardy ex rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 101 (2009) (recognizing courts should not infer a meaning other than what is plainly written in the statute when the words of the statute are clear). In essence, the legislative purpose incentivizes uninsured motorists to comply with the compulsory insurance laws and either "obtain automobile liability insurance coverage or lose the right to maintain a suit for both economic and noneconomic injuries." Caviglia v. Royal Tours of Am., 178 N.J. 460, 471 (2004).

In the present matter, the motion judge correctly determined the vehicle plaintiff was operating at the time of the accident was uninsured because the

5

judge had previously determined the policy was void from its inception. Aside from claiming she acted in good faith by paying the policy premiums until the policy was declared void, which was an issue between plaintiff and CURE – not Fernandez – there was no question plaintiff was uninsured as of the date of the accident. For those reasons, dismissal of the complaint was proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1933-18T1